IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GABRIEL G. RAMIREZ,

                Petitioner,

v.

MICHAEL MEISNER,

                Respondent.

OPINION and ORDER

23-cv-527-wmc

---

      Pro se petitioner Gabriel G. Ramirez has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction for several counts of domestic violence. Ramirez has also filed an amended petition (dkt. #8), which is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. *See also* 28 U.S.C. § 2243.

      Ramirez's amended petition includes 17 grounds for relief, the majority of which are clearly meritless and will be dismissed. As discussed below, he has raised ineffective assistance of counsel claims that could potentially provide federal habeas relief, but he has failed to plead sufficient details to support those claims. Thus, the court will give Ramirez the chance to file a new habeas petition that omits the meritless claims and clarifies the factual basis for his ineffective assistance of counsel of his claims, as well as explains why he would have chosen to proceed to trial but for counsel's alleged errors.

Finally, the court will deny Ramirez's request to stay this case so that he may exhaust his claims in state court, because it appears that he has exhausted his ineffective assistance of counsel claims already. If that is not accurate, Ramirez should say so in his amended petition.

BACKGROUND

On October 17, 2016, petitioner pleaded guilty in Dane County Circuit Court cases 14CF2286 and 15CF1280 to stalking resulting in bodily harm; strangulation and suffocation; false imprisonment; battery; threats to injure; and two counts of knowingly violating a domestic abuse injunction. All counts were charged as repeat domestic abuse offenses. Petitioner was sentenced on January 6, 2017 to 25 years of imprisonment. He appealed, and the Wisconsin Court of Appeals directed the circuit court to hold a postconviction evidentiary hearing. After the hearing, the court of appeals denied petitioner's appeal, and the Wisconsin Supreme Court subsequently denied his petition for review. Petitioner then filed his federal habeas petition, contending that his conviction and sentence should be vacated for 17 reasons, which the court discusses below.

ANALYSIS

**A. Ineffective assistance of trial counsel**

Grounds 1, 2, 3, 4, 8, 9, 11, 12, and 15 of the amended petition raise ineffective assistance of trial counsel arguments, but several of the grounds overlap or duplicate each other. All of petitioner's ineffective assistance of counsel claims fall into three categories:

2

(1) counsel persuaded petitioner to plead guilty by providing false information about petitioner's likely sentence and by forging documents; (2) counsel failed to file a direct appeal; and (3) counsel failed to retain an expert and obtain other discovery. Petitioner contends that these errors by counsel rendered his plea to be unknowing and involuntary, such that he should now be permitted to withdraw his plea.

But petitioner has provided insufficient information to state a plausible claim for habeas relief based on the ineffective assistance of counsel. Petitioner pleaded guilty to the numerous changes against him, and a guilty plea will not "lightly be withdrawn." *United States v. Brown*, 973 F.3d 667, 715 (7th Cir. 2020). Courts will "not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 582 U.S. 1958, 1967 (2017). To establish that trial counsel rendered ineffective assistance in advising him to plead guilty, petitioner must show: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In his petition, petitioner alleges that trial counsel provided him false information and forged documents, but he does not describe specifically what the documents and information were or how they affected his decision to plead guilty. He also fails to provide any explanation about why, if these alleged errors had not occurred, he would have chosen to proceed to trial. In particular, petitioner does not explain whether he had a viable defense that he could have asserted to the various charges against him. Similarly, petitioner

3

alleges that counsel failed to obtain an expert and discovery from the state. But he fails to identify any specific discovery or expert evidence that would have affected his decision to plead guilty. Finally, petitioner criticizes counsel for failing to file a direct appeal, but he identifies no grounds on which counsel should have appealed, particularly in light of petitioner's guilty plea. Without more information that would explain (1) specifically how trial counsel was deficient; and (2) why, but for counsel's errors, petitioner would have insisted on going to trial, petitioner cannot proceed.

B.  **Fourth Amendment violations**

In Grounds 5 and 6 of the habeas petition, petitioner asserts that his conviction and sentence are invalid because he was arrested without a valid warrant. But police officers do not need a warrant to arrest: an officer may arrest someone if there is probable cause to believe that the suspect has committed, is committing, or is about to commit an offense. *Harney v. City of Chicago*, 702 F.3d 916, 922 (7th Cir. 2012). Moreover, even if petitioner's arrest was illegal, that would not support federal habeas relief. *Haring v. Prosise*, 462 U.S. 306, 321 (1983) (Fourth Amendment claim "ordinarily may not be raised in a habeas proceeding following a plea of guilty" because "the claim is [normally] irrelevant to the constitutional validity of the conviction."); *Sanders v. Israel*, 717 F.2d 422, 423 (7th Cir. 1983) ("An illegal arrest . . . is an insufficient ground, standing alone, upon which to vacate a conviction in federal habeas proceedings."). Petitioner's Fourth Amendment claims do not support habeas relief.

**C. State law violations**

Petitioner asserts in Grounds 7, 10, 13, 14, 16 and 17 of his petition that his convictions are invalid because his plea and sentencing hearings were held on the same day, the court enhanced his sentence improperly and then refused to reduce it as required under Wisconsin law, and the court changed his children's last name without his permission. But federal habeas relief is available only if petitioner is in custody in violation of the United States Constitution or federal law. 28 U.S.C. § 2254(a). None of these grounds raise federal constitutional claims that would support federal habeas relief.

ORDER

IT IS ORDERED that:

1) Petitioner Gabriel Ramirez's motions to amend his petition (dkt. ##5, 7, 8) are GRANTED.

2) Petitioner's motion to stay (dkt. #2) is DENIED.

3) Petitioner may have until may have until January 3, 2024 to file an amended habeas petition that:

   a. omits the Fourth Amendment and state law claims discussed above;
   b. clarifies the factual basis for his ineffective assistance of counsel claims;
   c. explains why he would have chosen to proceed to trial but for counsel's alleged errors; and
   d. states whether he has exhausted all of his ineffective assistance of counsel claims.

Entered this 6th day of December, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge