IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GABRIEL G. RAMIREZ,

                Petitioner,

v.

MICHAEL MEISNER,

                Respondent.

OPINION and ORDER

23-cv-527-wmc

---

Pro se petitioner Gabriel G. Ramirez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction for several counts of domestic violence. At the court's direction, Ramirez has now filed an amended petition (dkt. #10), which is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. *See also* 28 U.S.C. § 2243. Also before the court is Ramirez's motion for reconsideration of the court's previous order denying his request to stay his petition (dkt. #11), his motion for recruitment of counsel (dkt. #12), and his motion to supplement the record (dkt. #16), as well as the state's motion to dismiss the petition as untimely (dkt. #14). Because the petition is clearly untimely, the court will grant the state's motion and dismiss the petition. Ramirez's remaining motions will be dismissed as moot.

BACKGROUND

On October 17, 2016, petitioner pleaded guilty in Dane County Circuit Court cases 14CF2286 and 15CF1280 to stalking resulting in bodily harm; strangulation and

suffocation; false imprisonment; battery; threats to injure; and two counts of knowingly violating a domestic abuse injunction. All counts were charged as repeat domestic abuse offenses. Petitioner was sentenced on January 6, 2017, to 25 years of imprisonment.

On June 11, 2019, Ramirez, representing himself, filed a motion with the Wisconsin Court of Appeals seeking an extension of time to file a notice of intent to pursue postconviction relief. Under Wis. Stat. § 809.30(2)(a), Ramirez's notice of intent to pursue postconviction relief should have been filed within 20 days of his sentencing. However, Ramirez blamed his trial counsel for failing to file the notice. The Wisconsin Court of Appeals construed Ramirez's pro se motion as a habeas corpus petition claiming that his trial counsel was ineffective for not filing the notice. On April 20, 2020, the court of appeals remanded the case to the circuit court for an evidentiary hearing on counsel's performance.

At the evidentiary hearing, Ramirez testified that after sentencing he asked his trial counsel to appeal, and that trial counsel confirmed that he would do that. In contrast, trial counsel testified that immediately after sentencing counsel said he would appeal, but Ramirez did not want him to. The circuit court found trial counsel more credible and found that Ramirez did not ask his trial counsel to begin postconviction proceedings.

After reviewing the circuit court's factual findings and Ramirez's post-hearing briefing, the court of appeals concluded that Ramirez's trial counsel was not ineffective for failing to file a notice of intent to seek post-conviction relief or for an extension of the deadline for such filing. (Dkt. #14-3 at 3–4.) On June 7, 2022, the court of appeals denied Ramirez's habeas petition and declined to reinstate his direct appeal rights. On February

21, 2023, the Wisconsin Supreme Court denied Ramirez's petition for review. (Dkt. #15-17.)

On August 4, 2023, Ramirez filed his federal habeas petition, contending that his conviction and sentence should be vacated for 17 reasons. On December 6, 2023, this court issued an order dismissing the majority of Ramirez's claims as clearly meritless and directing him to clarify the factual basis for his ineffective assistance of counsel claims. (Dkt. #9.) Ramirez filed an amended petition (dkt. #10), a motion for reconsideration (dkt. #11), and motion for assistance in recruiting counsel (dkt. #12). Before the court had considered Ramirez's amended petition, the state filed a motion to dismiss Ramirez's petition has untimely. (Dkt. #14.) Having now reviewed the state's arguments, the state court records, and Ramirez's brief in opposition (dkt. #15), the court concludes that the entire petition must be dismissed as untimely.

OPINION

A person seeking a writ of habeas corpus under 28 U.S.C. § 2254 must comply with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). For challenges to a state court judgment of conviction, that limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The limitations period is tolled while "a properly filed application for state post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2). *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (observing that only a "properly filed postconviction action" will toll the limitations period under § 2244(d)(2)). But state

3

postconviction motions or appeals filed after the limitations period has run are "irrelevant" because they do "not restart" the limitations period after it has run. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("[A] state proceeding that does not begin until the federal year has expired is irrelevant.").

Having now reviewed the state court records provided by Ramirez and the state, it is clear that Ramirez did not file a direct appeal of his judgments of conviction. He had 20 days after "sentencing or final adjudication" to file a notice of appeal. Wis. Stat. § 809.30(2)(b). His judgments of conviction were entered on January 10, 2017. (Dkt. #14-1.) He therefore had until January 30, 2017, to file a notice of appeal. Because he did not appeal in accordance with Wis. Stat. § 809.30(2)(b), his conviction became final on that date, *see Farmer v. Litscher*, 303 F.3d 840, 845-46 (7th Cir. 2002), and the limitations period expired one year later, on January 30, 2018. *See* 28 U.S.C. § 2244(d)(1)(A).

Ramirez did not file his federal petition until August 1, 2023. It is therefore untimely by more than five years under § 2244(d)(1)(A). Ramirez is not entitled to tolling under § 2244(d)(2) because he did not file his state court habeas petition in the Wisconsin Court of Appeals under July 3, 2019, more than a year after his federal limitations period had expired. *See De Jesus*, 567 F.3d at 943.

An untimely petition may be salvaged if grounds exist to equitably toll, or pause, the running of the limitations period. But equitable tolling is an extraordinary remedy that is rarely granted. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The Supreme Court has explained that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

4

circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioners bear the burden of proving that they qualify for equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). Ramirez contends that he missed his appeal deadline, and by extension, his federal habeas corpus deadline, because his counsel was ineffective for failing to file a direct appeal. But the Wisconsin courts rejected this argument already, finding that Ramirez did not ask his attorney to appeal, and this court is bound by that factual finding. 28 U.S.C. § 1915(e)(1).

A petitioner who fails to qualify for equitable tolling may still avoid application of the statute of limitations based on a credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To qualify for this narrow exception, a petitioner must persuade the district court "that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S 298, 329 (1995). But Ramirez has not made a claim of actual innocence or pointed to any new evidence that would satisfy this standard.

The only remaining question on habeas review is whether to grant Ramirez a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement

5

to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because this court finds that no reasonable jurists would debate whether the petition was untimely, the court will not issue Ramirez a certificate of appealability. Nevertheless, Ramirez may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1) Petitioner Gabriel Ramirez's motion for reconsideration (dkt. #11), motion for assistance in recruiting counsel (dkt. #12), and motion to supplement the record (dkt. #16) are DENIED.

2) Respondent's motion to dismiss (dkt. #14) is GRANTED, and petitioner Ramirez's petition for a writ of habeas corpus is DISMISSED as untimely.

3) Petitioner is DENIED a certificate of appealability under 28 U.S.C. § 2253(c)(1).

4) The clerk of court is directed to enter judgment and close this case.

Entered this 16th day of September, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge